IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VERIFIRE NETWORK SOLUTIONS, LLC,<br><br>                        Plaintiff,<br><br>  v.<br><br>CHECK POINT SOFTWARE TECHNOLOGIES LTD.,<br><br>                        Defendant. | Civil Action No. 2:15-cv-00929-JRG-RSP<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge Rodney Gilstrap |

**DEFENDANT CHECK POINT SOFTWARE TECHNOLOGIES LTD.'S ANSWER TO PLAINTIFF VERIFIRE NETWORK SOLUTIONS, LLC'S COMPLAINT**

Defendant Check Point Software Technologies Ltd. ("Check Point") answers Plaintiff VeriFire Network Solutions, LLC's ("VeriFire") Complaint as follows:

**PARTIES AND JURISDICTION**

1.     Admitted.

2.     Admitted.

3.     Check Point lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

4.     Check Point admits that it is a Delaware corporation with a principal office located at 959 Skyway Road, Suite 2300, San Carlos, California 94070 and that the Court has jurisdiction over Check Point.  Except as so expressly admitted, the remaining allegations of this paragraph are denied.

5.     Check Point lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

## **VENUE**

6. Denied

## **COUNT I**
## **(INFRINGEMENT OF UNITED STATES PATENT NO. 8,463,727)**

7. Check Point incorporates by reference its responses to paragraphs 1-6.

8. Admitted.

9. Check Point lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

10. Admitted.

11. Denied.

### **(Direct Infringement)**

12. Denied.

13. Denied.

14. Check Point lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

Except as expressly admitted above, Check Point denies each and every allegation contained in the Complaint.

## **AFFIRMATIVE DEFENSES**

Further answering the Complaint and as additional defenses thereto, Check Point asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Check Point reserves its right to file an amended answer asserting additional defenses, and/or to assert counterclaims as discovery progresses.

### **First Affirmative Defense (Invalidity)**

15. Check Point incorporates by reference its responses to the forgoing paragraphs.

16. The claims of the asserted patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to Sections 101, 102, 103, 111, 112, 115, 116, and 256.

**Second Affirmative Defense (Failure to Mark)**

17. Check Point incorporates by reference its responses to the forgoing paragraphs.

18. Plaintiff's claims are barred in whole or in part by its failure to provide adequate notice under 35 U.S.C. § 287.

**Third Affirmative Defense (Patent Misuse)**

19. Check Point incorporates by reference its responses to the forgoing paragraphs.

20. On information and belief, Plaintiff has misused the patent in suit by the commencement and maintenance of this action in bad faith, when it should have known that it had no valid claim of infringement against Check Point.

**Fourth Affirmative Defense (Unclean Hands)**

21. Check Point incorporates by reference its responses to the forgoing paragraphs.

22. Plaintiff's requested relief is barred in whole or in part by its own unclean hands, including by bringing a claim for infringement without a good-faith basis.

**Fifth Affirmative Defense (Non-Infringement)**

23. Check Point incorporates by reference its responses to the forgoing paragraphs.

24. Check Point has not infringed and does not infringe directly, jointly, contributory, literally, by the doctrine of equivalents or by inducement, any valid and enforceable claim of the asserted patent.

**Sixth Affirmative Defense (Laches / Waver / Acquiescence and Estoppel)**

25. Check Point incorporates by reference its responses to the forgoing paragraphs.

26. Plaintiff is estopped from asserting the asserted patents against Check Point to the extent it unreasonably delayed in filing suit and by equitable doctrines including laches, waiver, acquiesce and estoppel.

### Seventh Affirmative Defense (Prosecution History Estoppel / Disclaimer)

27. Check Point incorporates by reference its responses to the forgoing paragraphs.

28. By reasons of the proceedings in the USPTO, including the prosecution of the applications that resulted in the asserted patents, Plaintiff is estopped from construing the claims of the asserted patents to cover and include any product service or activity of Check Point and/or is prevented from asserting infringement under the doctrine of equivalents.

### Eighth Affirmative Defense (No Right to Injunctive Relief)

29. Plaintiff is not entitled to injunctive relief at least because: (1) it has not suffered nor will it suffer irreparable harm as a result of Check Point's conduct; (2) any harm suffered by Plaintiff if an injunction were not granted would be outweighed by harm to Check Point if an injunction were granted; (3) Plaintiff would have an adequate remedy at law if it were to prevail on the merits in this action; and (4) the public interest would not be served by an injunction.

### Ninth Affirmative Defense (Failure to State a Claim)

30. Plaintiff has failed to state a claim for which relief can be granted with respect to any claims of infringement because, among other things, the patent is directed to ineligible subject matter under 35 U.S.C. § 101.

### Prayer For Relief

Wherefore Defendant Check Point respectfully prays that this Court:

a. Judgment that none of the claims of the asserted patents have been infringed by Check Point;

    b.    Judgment that Plaintiff's claims be dismissed with prejudice, that each request for relief therein be denied and that Plaintiff recover nothing;

    c.    Judgment that the asserted patent is invalid and/or unenforceable;

    d.    An order, pursuant to 35 U.S.C. § 285 finding that this is an "exceptional" case and awarding Check Point its reasonable attorneys' fees, expenses and costs incurred win this action.

    e.    Bar Plaintiff any recovery of costs;

    f.    An order awarding Check Point such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Check Point Demands a Jury Trial of all claims properly triable to a Jury.

Dated: August 24, 2015

DURIE TANGRI LLP

By:     */s/ Eric H. Findlay*
       ERIC H. FINDLAY

Eric H. Findlay
Texas State Bar No. 00789886
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Telephone: 903-534-1100
Facsimile: 903-534-1137
efindlay@findlaycraft.com

CLEMENT S. ROBERTS (*pro hac vice pending*)
croberts@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:   415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
Check Point Software Technologies Ltd.

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 24th day of August, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Eric H. Findlay*
Eric H. Findlay